UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| R S B C O | CASE NO. 3:21-CV-01192 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| U S A | MAG. JUDGE KAYLA D. MCCLUSKY |

**RULING**

Pending before the Court is a 12(c) Motion for Judgment on the Pleadings [Doc. No. 14] filed by the Defendant, USA ("the Government"). Plaintiff RSBCO has filed an Opposition [Doc. No. 22].

For the reasons assigned below, the Motion is **GRANTED IN PART** and **DENIED IN PART**.

**I.     ALLEGED FACTS AND PROCEDURAL HISTORY**[1]

RSBCO filed a Complaint [Doc. No. 1] with this Court on May 5, 2021. This Complaint is part of the second suit RSBCO has filed with this Court. The first suit is Case. No. 3:19-cv-01138. The crux of the Complaint is that RSBCO is seeking a refund with respect to the $579,198.00 it paid in penalties to the IRS. RSBCO has six claims within its Complaint.

The following facts resulted in these claims. On April 5, 2020, the IRS's Filing Information Returns Electronically System ("FIRE System") sent RSBCO an email indicating that 20,328 of the Information Returns had been marked "BAD," which meant that the file contained errors and needed to be replaced. The FIRE System email directed RSBCO to correct the "BAD" returns and to resubmit them. Under Section 4.06 of IRS Publication 1220, RSBCO

---

[1] All facts alleged in this Section are cited directly from RSBCO's Complaint [Doc. No. 1].

had sixty days to upload the corrected returns. However, RSBCO did not submit the corrected files until July 16-17, 2013 – well after the sixty-day deadline.

RSBCO explained that it timely filed the subject Information Returns for the 2012 tax year on April 1, 2013, in six separate batches. However, in contrast to prior years, the FIRE System had returned 94.22% of the filings as "BAD." RSBCO surmised that the batches likely contained systemic errors in information or were corrupted. RSBCO stated that it relied on one specific employee ("Employee X") to help file the Information Returns via the FIRE System. After two subsequent reminder emails sent from the FIRE System, Employee X eventually corrected the files and uploaded them to the FIRE System on or about July 17-18, 2013. RSBCO attributed the delay to Employee X's depression and marital troubles during this period.

Following these events, RSBCO filed suit in this Court on August 29, 2019. That suit was dismissed on June 30, 2020, when the Court granted a Joint Motion to Dismiss [Doc. No. 28] without prejudice and with all rights (administrative and civil) reserved by RSBCO. In September 2020, RSBCO filed a revised administrative complaint with the IRS.

RSBCO subsequently filed the instant Complaint with this Court, and the claims asserted in the Complaint are detailed below.

The first claim is for a violation of the Eighth Amendment of the United States Constitution. The Eighth Amendment states that "Excessive bail shall not be required, nor excessive fines imposed, nor unusual punishments inflicted." RSBCO claims that the penalty assessed against it by the IRS is in violation of the Eighth Amendment for a number of reasons. First, the penalty that was assessed against it is not a measured response to the conduct of RSBCO. Specifically, RSBCO paid $579,198.00 for an alleged late re-filing of Information Returns. RSBCO also asserts that there was no misrepresentation made by it, no financial harm caused to

the Government or any third parties, and no financial benefit incurred by RSBCO. RSBCO describes the error as "*de minimis*" in nature. For these reasons, RBSCO states that the penalty violates the Eighth Amendment's prohibition against excessive fines and cruel and unusual punishment.

RSBCO's second claim is that the statute that assessed the penalty at issue was not applicable, and, therefore, there was no statutory authority to assess the penalty. RSBCO alleges that Title 26 United States Code § 6271 was used, which authorizes imposition of penalties when original returns are not timely filed. RSBCO states that their original returns were filed timely and that the resubmissions were what were untimely filed. RSBCO asserts that there is no statute or legislative authority that deals with an issue such as this, and because of that, the penalty was imposed without legislative basis.

The third claim made by RSBCO is that the error made on their original filing was *de minimis* in nature, and because of this, it should be granted a "Safe Harbor." The error reported by the FIRE System allegedly stated that the primary error in the original filing was the use of a "dash" or "hyphen" or "minus" symbol, which looks like "-" (hereinafter "dash"). RSBCO asserts that the use of the dash in their original return was the cause behind the original rejection and the subsequent penalty. Because of this, RSBCO states that they should be entitled to the Safe Harbor afforded by § 6271 because the error was *de minimis* in nature and because that section provides that where Information Returns that are filed but do not have meaningful discrepancies in the dollar amount stated versus the dollar amount owed "shall be treated as having been filed with all of the correct required information", and no penalties may be rendered.

RSBCO's fourth claim is that the error in their original returns was due to reasonable cause and not willful neglect, which would entitle it to penalty relief. RSBCO points to the facts that

Employee X was the cause of the failure to resubmit the Information Returns at issue. Unbeknownst to RSBCO, Employee X was allegedly suffering from mental anguish and other personal matters that interfered with his ability to properly file the Information Returns properly. RSBCO asserts that it was unaware of the notices about the dash in the Information Returns until Employee X's desk was cleaned out after his termination (the mail regarding tax information went directly to Employee X). RSBCO additionally claims that since the incident at issue, it has had no material failure to file or to resubmit Information Returns. Because of this, RSBCO claims that it is entitled to the relief in I.R.C. § 6724(a) because their failure to make the accurate and timely filing was due to reasonable cause and not willful neglect.

RSBCO next claims that it is entitled to attorneys' fees under 26 U.S.C. § 7430.

RSBCO's sixth and final claim is bad faith on the part of the Government. RSBCO argues that it has used the administrative process in an effort to receive its refund, but that the Government first lost its record and secondly because the second filing has been sitting with the IRS for 875 days. RSBCO asserts that the administrative process has served as nothing more than a basis for delay. This, RSBCO claims, is a level of disregard/willful neglect that far exceeds any of the actions taken by Employee X. Therefore, RSBCO makes a claim for bad faith on the part of the Government.

The Government filed the instant Motion for Judgment on the Pleadings [Doc. No. 14] requesting that the Court dismiss Counts 1, 2, 3 and 6 of RSBCO's Complaint.

The issues have been briefed, and the Court is prepared to rule.

## II.   LAW AND ANALYSIS

### A.  Standard of Review

The standard for deciding a Rule 12(c) motion is the same as a Rule 12(b)(6) motion to dismiss. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). In determining whether dismissal is appropriate, the court must decide whether the facts alleged in the pleadings, if true, would entitle the plaintiff to a legal remedy. *Ramming v. United States*, 281 F.3d 158, 162 (5th Cir. 2001); *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994). When considering a Rule 12(c) motion, the Court must construe the allegations in the complaint in the light most favorable to the non-moving party, but conclusory allegations and unwarranted deductions of fact are not accepted as true. *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). Judgment on the pleadings is appropriate only if there are no disputed issues of material fact and only questions of law remain. *Voest–Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887, 891 (5th Cir. 1998).

Conclusory allegations and unwarranted deductions of fact, however, are not accepted as true. *Tuchman v. DSC Communications Corp*., 14 F. 3d 1061, 1067 (5th Cir. 1994).  Nor should the court accept legal conclusions masquerading as factual conclusions. *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F. 2d 278, 284-85 (5th Cir. 1993).  A plaintiff must allege sufficient facts to establish each element of his or her cause of action. *In re: Plywood Antitrust Litig*., 655 F. 2d 627, 641 (5th Cir. 1981), *cert. denied*, 462 U.S. 1125 (1983).  Dismissal is proper when the complaint is silent regarding a required element to obtain relief. *Expinoza v. Missouri Pac. R.R.,* 754 F. 2d 1247, 1248 (5th Cir. 1985).

### B.  ANALYSIS

For the following reasons, to the extent that the Government moves to dismiss Counts 3 and 6, the Motion is **GRANTED**, and to the extent that the Government moves to dismiss Counts 1 and 2, the Motion is **DENIED**. Each Count will be analyzed individually.

### 1. Claim 1: Eighth Amendment Violation

In its first claim, RSBCO maintains the fines/penalties imposed by the Government violate the Eighth Amendment to the United States Constitution prohibition of excessive fines and/or cruel and unusual punishment. RSBCO argues that fines of $579,198.37 for the alleged late re-filing of purely Information Returns violates the Eighth Amendment because there was no misrepresentation, no financial harm, or financial benefit to RSBCO.

The Government argues the Eighth Amendment does not apply because the money is solely "remedial" (serves a retributive or deterrent purpose) and, therefore, does not come within the gambit of the Eighth Amendment. Additionally, the Government argues that even if it is cured by the Eighth Amendment, the amount must be excessive, and this amount is not excessive.

The Court is limited to examining only the pleadings in a Rule 12(c) Motion. Evidence is needed to determine exactly what RSBCO did or did not do that warranted the assessment. Additionally, evidence is needed to determine how the assessment was determined. Because evidence should not be reviewed when considering a Rule 12(c) motion for judgment on the pleadings, the Government's Motion for Judgment on the Pleadings on RSBCO's claim that the Eighth Amendment has been violated (Claim 1) is **DENIED**.

### 2. Claim 2: No Statutory Authority

In its second claim, RSBCO asserts that the Government does not have statutory authority to impose the penalties under 26 U.S.C. § 6721 because the statute only authorizes penalties when the original returns are not "timely filed." RSBCO maintains the original returns were timely filed, but only the "resubmissions" were untimely.

The Government argues that 26 U.SC. § 6721 applies to this exact factual situation by a plain reading of the statute. Additionally, the Government maintains that implementing regulation 26 C.F.R. § 301.6721-1 clearly contemplates the late resubmission of erroneous original returns.

The pertinent portion of 26 U.S.C. § 6721 reads as follows:

> **(a) Imposition of penalty.--**
> **(2) Failures subject to penalty.**--For purposes of paragraph (1), the failures described in this paragraph are--
> **(A)** any failure to file an information return with the Secretary on or before the required filing date, and
> **(B)** any failure to include all of the information required to be shown on the return or the inclusion of incorrect information.

The pertinent portion of 26 C.F.R. § 301.6721-1 reads as follows:

> **(2) Failures subject to the penalty.** The failures to which section 6721(a) and paragraph (a)(1) of this section apply are—
> **(ii)** A failure to include all of the information required to be shown on the return or the inclusion of incorrect information ("failure to include correct information").(…)

RSBCO's Complaint alleges that the penalty was assessed under 26 U.S.C. § 6721 which authorizes the imposition of penalties when original returns are not "timely filed." RSBCO further alleges that original returns were timely filed, that the "resubmissions" are the only documents which were ultimately filed, and that there is no legislative authority to impose penalties for late re-filings or late resubmissions—only for originals.

RSBCO alleges that a penalty of $10,700.00 was related to a missing or incorrect TINS, and the $500,000.00 in penalties was for the alleged late re-filing of corrected Information Returns.

RSBCO also alleges that Employee X filed 21,574 Information Returns for the 2012 tax period using the FIRE system. The Information Returns were timely filed on April 1, 2013. A FIRE email on April 5, 2013 indicated that 20,328 of the Information Returns were returned with a "BAD" status, which indicated that the files contained errors and needed to have a replacement.

7

The FIRE email directed Employee X to correct the "BAD" returns and resubmit them as replacements. Due to mental health issues and an impending divorce, Employee X did not correct the "BAD" files until July 16 and 17, 2013.

The problem in addressing this issue by way of a motion for judgment on the pleadings is that the Court can only evaluate the pleadings and the law, and it cannot review evidence of why the Information Returns showed up as "BAD" on the FIRE system. Nor can this Court determine why the 20,328 Information Returns were deemed "BAD" or how the penalty was calculated.

26 U.S.C. § 6721 covers both failure to timely file an Information Returns and failure to include all of the information required to be shown on the return or the inclusion of incorrect information. 26 C.F.R. § 301.6721-1. Without knowing whether RSBCO failed to include all of the information required, or included incorrect information[2], there is no way to decide this issue through a motion for judgment on the pleadings. Therefore, the Government's Motion for Judgment on the Pleadings on RSBCO's claim that the Government has no statutory authority (Claim 2) is **DENIED**.

### 3. Claim 3: Safe Harbor for *de minimis* Errors

In RSBCO's third claim, it alleges that the FIRE System documents suggest the alleged primary error associated with the original filing was the inclusion of a dash in the documents. RSBCO further alleges that such *de minimis* errors are not punishable.

RSBCO argues that 26 U.S.C. § 6721(c)(3) requires no correction to the Information Returns because the inclusion of a dash is such a *de minimis* error.

The Government maintains that the provision of 26 U.S.C. § 6721 relied upon for *de minimis* errors does not apply because it was a 2015 amendment that only applies to returns

---

[2] RSBCO alleges that the inclusion of a dash caused the BAD results on their Information Returns, but no evidence of why the returns were rejected can be considered in this motion.

required to be filed and payee statements required to be provided after December 31, 2016.[3] Section 202 of the 2015 amendment, which added the safe harbor for *de minimis* errors language does not apply. At the end of Section 202, the following language discusses the effective date:

> (e) EFFECTIVE DATE—The Amendments made by this section (Section 202) shall apply to returns required to be filed, and payee statements required to be provided after December 31, 2016.

Because the *de minimis* provisions did not exist in 2013, the safe harbor for *de minimis* errors does not apply. Therefore, the Government's Motion for Judgment on the Pleadings with regard to RSBCO's claim for safe harbor for *de minimis* errors (Claim 3) is **GRANTED**.

### 4. Claim 6: Bad Faith

In its sixth claim, RSBCO maintains that the Government has been in bad faith by failing to make any attempt to negotiate and resolve this matter. Additionally, RSBCO asserts that representations were made by the Government in RSBCO's first suit[4] that the claim process should be restarted by a voluntary dismissal of the 2019 suit, without prejudice, in order to allow the Government to consider resolving the claim.

Despite the voluntary dismissal by RSBCO of the original suit, RSBCO maintains that the Government still has not provided a meaningful response of any kind to RSBCO regarding the refund.

The Government maintains that there is no statutory or jurisprudential authority for a bad faith claim against the Government, and even if there were, there exists no waiver of sovereign immunity with respect to this claim.

---

[3] [Doc. No. 25-1, Exhibit A]
[4] 3:19-CV-01138

In *Baddour, Inc. v. United States*, 802 F.2d 801 (5th Cir. 1986), the Court[5] discussed the potential liability of an IRS agent who had seized a third party's property, the Court stated that a complaint for damages against the IRS or agent based upon an alleged constitutional tort may be dismissed for failure to state a claim because (1) no constitutional source for the plaintiff's claim exists, or (2) congress has not created explicit remedies, or (3) a court-created remedy would interfere with the effective functioning of the government. 802 F.2d at 807-08.

RSBCO has cited no authority for bad faith damages to be awarded against the Government in a case where a plaintiff is rejecting a refund. Without express authority authorizing a bad faith claim for damages, none exists, and this Court will not create one. Therefore, the Government's Motion for Judgment on the Pleadings as to RSBCO's bad faith claim (Claim 6) is **GRANTED**.

### III. CONCLUSION

For the reasons set forth herein, the 12(c) Motion for Judgment on the Pleadings [Doc. No. 14] filed by the Government is **DENIED IN PART** and **GRANTED IN PART**. To the extent that the Government moves to dismiss Counts 3 and 6, the Motion is **GRANTED**, and those counts are **DISMISSED**. To the extent that the Government moves to dismiss Counts 1 and 2, the Motion is **DENIED**.

MONROE, LOUISIANA, this 23rd day of March 2022.

TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE

---

[5] Citing *Cameron v. Internal Revenue Service*, 773 F.2d 126 (7th Cir. 1985).